IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LINDSEY LEE AUTRY,                  :
                                    :
        Plaintiff,                  :
                                    :
vs.                                 :      CIVIL ACTION 01-0784-CB-M
                                    :
JO ANNE B. BARNHART,                :
Commissioner of                    :
Social Security,                    :
                                    :
        Defendant.                  :


REPORT AND RECOMMENDATION


     This action is before the Court on Plaintiff's attorney's

Petition for Authorization of Attorney Fees (Doc. 10) and

Defendant's Response to Plaintiff's Petition for Approval of

Attorney Fees (Doc. 11).  After consideration of all pertinent

materials in the file, it is recommended that Plaintiff's

attorney's Petition for Authorization of Attorney Fees under 42

U.S.C. § 406(b) be granted and that Plaintiff's attorney, Byron

A. Lassiter, be awarded a fee of $4,047.25 for his services

before the Court.

     Plaintiff Lindsey Lee Autry hired Mr. Lassiter on October

24, 2000, to pursue his claims for a period of disability,

Disability Insurance Benefits, and Supplemental Security Income

benefits after his claims were denied initially and upon

reconsideration at the administrative hearing level.  At that

time, it was agreed that Mr. Lassiter would receive 25 percent
of past-due disability benefits due Plaintiff and his family.  A
written contingent fee agreement was executed by Plaintiff on
November 7 2001, just prior to filing this action in federal
court (Doc. 10, Ex. C).

For the past approximately 4 years and 7 months, counsel
has prosecuted Plaintiff's claims before both the Social
Security Administration (SSA) and this Court.  Plaintiff filed
applications for disability and SSI benefits, which were denied
initially and upon reconsideration.  The claims were also denied
at the hearing level by an ALJ on September 13, 2001.

On behalf of Plaintiff, Mr. Lassiter commenced a civil
action in this Court on November 9, 2001 (Doc. 1)[1].  See 42
U.S.C. §405(g).  On January 25, 2002, the Commissioner filed a
Motion to Remand for further evaluation of whether Plaintiff's
combination of impairments met or equaled the requirements of §
12.05(c), further stating that the ALJ should obtain evidence
from a medical expert on this issue (Doc. 6), without objection
from Plaintiff.  On January 30, 2002, a Report and
Recommendation was entered that Defendant's Motion to Remand be
granted and that this action be remanded to the Social Security

---

[1] In this case, Plaintiff was allowed to bypass the
Appeals Council level and pursue this civil action.

Administration for further administrative proceedings pursuant

to sentence six of 42 U.S.C. 405(g) (Doc. 7).  By Order dated

June 5, 2002, Judge Charles R. Butler, Jr., adopted the Report

and Recommendation and remanded this action to the Secretary for

further administrative proceedings pursuant to sentence six of §

405(g) (Docs. 8 and 9).

　　　Pursuant to the Order of this Court, hearings were held by

the ALJ concerning Plaintiff's claims on January 21, 2004, and

March 17, 2004, after which the ALJ issued a fully favorable

decision on April 2, 2004, finding that Plaintiff had been

disabled since March 1, 1999, and entitled to benefits under

Titles II and XVI of the Social Security Act.  The Social

Security Administration issued a Notice of Award dated September

23, 2004, awarding benefits to Plaintiff and informing him that

$9,347.25 was withheld by Defendant in anticipation of direct

payment of an authorized attorney's fee (Doc. 10, Ex. B)[2].  Mr.

Lassiter has filed a separate fee petition with the ALJ

requesting approval of administrative attorney fees in the

amount of $5,300.00.

　　　On April 14, 2005, Mr. Lassiter filed the pending Petition

for Authorization of Attorney Fees for services before this

---

　　　[2] This notice did not state the total amount of
Plaintiff's past-due benefits but indicated that the amounts
withheld represented 25 percent of the past-due benefits.

Court, requesting approval of a fee in the amount of $4,047.25

(Doc. 10).   That amount, when added to the $5,300.00

administrative attorney fee, totals $9,347.25, representing 25

percent of past-due disability insurance benefits due Plaintiff

for payment of an attorney's fee.   Mr. Lassiter spent a total of

2.70 hours before this Court and has represented Plaintiff

before this Court since 2001, when the complaint for judicial

review was filed, without compensation for his time spent before

this Court (Doc. 10).

Defendant has responded asking the Court to award no more

than a reasonable fee, which she contends would be $500.00 per

hour, resulting in a fee of $1,498.98 (Doc. 11).

Section 206(b) of the Social Security Act, codified at 42

U.S.C. § 406(b), provides that when a court renders a favorable

judgment to a Social Security claimant "[w]ho was represented

before the court by an attorney, the court may determine and

allow as part of its judgment a reasonable fee for such

representation, not in excess of 25 percent of the total of the

past-due benefits to which the claimant is entitled by reason of

such judgment[.]"   42 U.S.C. § 406(b)(1)(A).[3]   The fee is

---

[3]"When a claimant receives a favorable administrative
decision following a remand of a case by the district court to
the secretary, the district court may award attorney's fees
pursuant to 42 U.S.C. § 406(b)(1)."   Rohrich v. Bowen, 796
F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

payable "out of, and not in addition to, the amount of [the]

past-due benefits." Ibid. Section 406(b) thus "provides for

contingent fees to be charged *to the client*, with the amount to

be set by the district court subject to a statutory maximum."

Watford v. Heckler, 765 F.2d 1562, 1566 (11th Cir.

1985)(citations omitted)(emphasis in original); see Meyer v.

Sullivan, 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total

amount of attorney's fees that may be awarded under the Act is

limited to 25 percent of the past-due benefits awarded).

Although the SSA does not withhold funds from an award of

SSI benefits for the payment of attorney's fees, an attorney may

be able to collect a fee for such Title XVI representation

directly from his or her client pursuant to their fee agreement.

Motley v. Heckler, 800 F.2d 1253, 1255 n.5 (4th Cir. 1986).

Furthermore, while it is clear that the Secretary [now

Commissioner] must approve any fee for Title XVI services

performed at the administrative level, Motley, 800 F.2d at 1255,

n.3 (citing 20 C.F.R. § 416.1520), it is not clear whether this

Court is required to approve a Title XVI fee for services

performed before this Court or any appellate court. See Motley,

supra. However, given the fact that counsel requests court

approval of the fee, and given the purpose of Title XVI, which

is to provide benefits to financially needy individuals who are

aged, blind, or disabled, regardless of their insured status,
the undersigned is of the opinion that the Court should consider
whether the fee requested is reasonable and specifically
authorize counsel's withdrawal of such a fee from a trust or
escrow account.

Eleventh Circuit precedent, see Kay v. Apfel, 176 F.3d
1322 (11th Cir. 1999), abrogated by Gisbrecht v. Barnhart, 535
U.S. 789, 122 S.Ct. 1817(2002)(decided May 28, 2002), previously
required the "lodestar" method, under which the number of hours
reasonably devoted to the action was multiplied by a reasonable
hourly fee, to be the starting point and centerpiece for the
courts in calculating reasonable § 406(b) fees.  The existence
of a contingent-fee agreement was just one of a number of
different factors to be considered in adjusting the lodestar
amount upward or downward.  Id. at 1327.

The Supreme Court in Gisbrecht, in resolving the division
among the circuits on the appropriate method of calculating fees
under § 406(b), concluded that Congress designed § 406(b) to
control, not to displace, fee agreements between Social Security
benefit claimants and their counsel, Id. at 1817, and that "§
406(b) does not displace contingent-fee agreements as the
primary means by which fees are set for successfully
representing Social Security benefits claimants in court.

Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases". Id. at 1828. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. at 1828.

The fees provided for in 42 U.S.C. § 406(b) are in addition to those provided in § 406(a), which states that the Commissioner may award attorney's fees, to a successful claimant's attorney for work performed before the Social Security Administration. Fees awarded pursuant to § 406(a) and § 406(b) are awarded in addition to any attorney's fees a claimant's attorney may receive pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(EAJA), if the Commissioner's position before the Court was not "substantially justified." Gisbrecht, 122 S.Ct. at 1822. In order to avoid a double recovery of attorney's fees, a claimant's attorney who is awarded attorney's fees under § 406(b) and the EAJA must refund the lesser amount to his or her client. Id. at 1822. No such fee was requested in this action.

The Supreme Court in Gisbrecht did not set out the specific

7

factors that the district courts are to consider when reviewing

fees yielded by a contingent-fee agreement but it did cite with

approval the opinions of courts in several circuits that give

effect to the contingent-fee agreements, if the resulting fee is

reasonable.

> Courts that approach fee
> determinations by looking first to the
> contingent-fee agreement, then testing it
> for reasonableness, have appropriately
> reduced the attorney's recovery based on
> the character of the representation and the
> results the representative achieved.  See,
> *e.g.,* McGuire V. Sullivan, 873 F.2d 974,
> 983 (C.A.7 1989) ("Although the contingency
> agreement should be given significant
> weight in fixing a fee, a district judge
> must independently assess the
> reasonableness of its terms."); Lewis v.
> Secretary of Health and Human Servs., 707
> F.2d 246, 249-250 (C.A.6 1983)(instructing
> reduced fee when representation is
> substandard).  If the attorney is
> responsible for delay, for example, a
> reduction is in order so that the attorney
> will not profit from the accumulation of
> benefits during the pendency of the case in
> court.  See Rodriquez v. Bowen, 865 F.2d
> 739, 746-747 (C.A.6 1989).  If the benefits
> are large in comparison to the amount of
> time counsel spent on the case, a downward
> adjustment is similarly in order.  See *id.,*
> at 747 (reviewing court should disallow
> "windfalls for lawyers"); Wells v.
> Sullivan, 907 F.2d 367, 372 (C.A.2
> 1990)(same).  In this regard, the court may
> require the claimant's attorney to submit,
> not as a basis for satellite litigation,
> but as an aid to the court's assessment of
> the reasonableness of the fee yielded by
> the fee agreement, a record of the hours
> spent representing the claimant and a

> statement of the lawyer's normal hourly
> billing charge for noncontingent-fee cases.
> See Rodriguez, 865 F.2d at 741.  Judges of
> our district courts are accustomed to
> making reasonableness determinations in a
> wide variety of contexts, and their
> assessments in such matters, in the event
> of an appeal, ordinarily qualify for highly
> respectful review.

122 S.Ct. at 1828-1829.

A contingent-fee arrangement is unreasonable where the contingency percentage is over the 25 percent cap, where there is evidence of fraud or overreaching in making the agreement, or where the requested amount is so large as to be a windfall to the attorney.  Wells, 907 F.2d at 372.  A district court, upon finding the contingent-fee agreement provides for an unreasonable fee, may reduce the fee provided it states reasons for and the amount of the reduction.  Id. at 372.

Therefore, it appears that the Supreme Court intends the district courts to give great deference to the contingent-fee agreements and to uphold them if the fees produced by them are reasonable.  Factors that may be considered in reviewing for reasonableness are (1) the character of representation; (2) the result achieved by the attorney; (3) any delay caused by the attorney; (4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; (5) fraud or overreaching in making the agreement

and (6) the requested fee does not exceed 25 percent of past-due benefits.

After reviewing the fee petition and the file, including Defendant's response, in light of the guidance provided by Gisbrecht and the opinions cited above, the Court finds that Mr. Lassiter has diligently represented Plaintiff since 2001 in this Court and has been successful in obtaining past-due benefits for Plaintiff.  There is no evidence that Mr. Lassiter contributed to any undue delay in this action, either before the Commissioner or before this Court, nor evidence of any fraud or overreaching in procuring or making the contingent-fee agreement.  Plaintiff has signed a fee agreement, in which he agrees to the fee being requested by Mr. Lassiter.  The total fee requested does not exceed 25 percent of past-due benefits and comports with Plaintiff's contingent-fee agreement with his attorney.  The requested fee is not so large as to be a windfall or unreasonable.  The Court finds that the requested fee of $4,047.25 is reasonable for the services rendered before this Court.

Therefore, it is recommended that Plaintiff's attorney's Petition for Authorization of Attorney Fees be granted and that Plaintiff's attorney be awarded a fee of $4,047.25 for his services before this Court.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en</u> <u>banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de</u> <u>novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the

magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay
the fee for a transcript, is advised that a judicial
determination that transcription is necessary is required
before the United States will pay the cost of the transcript.

     DONE this 18th day of May, 2005.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE